[No. 17874.    Department One.    August 2, 1923.]

## Jos. M. BERNBAUM, *Appellant,* v. UNITED MOTORS COMPANY, *Respondent.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings of fraudulent representations, amply supported by the evidence, will not be disturbed on appeal because contradicted, where the trial court had the witnesses before it.

FRAUD (23)—EXCHANGE OF PROPERTY (3)—MEASURE OF DAMAGES. The measure of damages for inducing an exchange of automobiles by fraudulent representations that the price of a car would not be reduced during the year, knowing of a reduction already ordered, is the amount by which the price was reduced.

Cross-appeals from a judgment of the superior court for King county, Gilliam, J., entered December 16, 1922, upon findings, in an action for fraud in the sale of an automobile. Reversed on plaintiff's appeal.

*Max Hardman,* for appellant.

*John P. Gallagher* and *Chas. C. Curtis,* for respondent.

BRIDGES, J.—Inasmuch as both parties have appealed, we will refer to them as plaintiff and defendant.

The trial court found that the defendant was in the business of selling Cole automobiles, and that the plaintiff was the owner of a Stutz car; that the parties were negotiating a deal whereby plaintiff was to purchase a new Cole car, and in exchange therefor, defendant was to take the plaintiff's Stutz car, the latter paying the agreed difference in price; that at that time the price in Seattle of the Cole car was $3,195; that, before making the deal, the plaintiff wanted to be assured that the sales price of the Cole car would not be reduced within the calendar year, and that the defendant represented

'Reported in 216 Pac. 860.

to him that there would not be any reduction during that period, and that plaintiff, in making the deal, relied upon such representations; that the transaction was ultimately closed by the defendant's taking in the plaintiff's Stutz car and receiving $1,000 in cash.

The court further expressly found that, at the time the defendant represented to the plaintiff that there would be no reduction in the price of the Cole car, its officers knew that a reduction had been made from $3,195 to $2,646, and that, at the time the representations were made, the defendant had placed with certain newspapers in Seattle advertising matter showing such reduction. Based upon such findings, the court concluded the plaintiff had been damaged in the sum of one dollar, and entered judgment for that amount. Plaintiff has appealed, claiming that the judgment should have been for the amount of the reduction of the price of the Cole car, to wit, $549. The defendant has appealed, claiming that the evidence does not support the findings of the trial court concerning the representations alleged to have been made and that judgment should have been entered for it.

We will first dispose of the cross-appeal. A reading of the testimony shows that there was ample proof to support the findings. It is true the defendant's officers deny that any such representations were made, but the witnesses being before the trial court, we are not disposed to interfere with its findings. It follows that, in so far as the cross-appeal is concerned, the judgment should stand.

We are of opinion that the trial court was in error in rendering judgment for the plaintiff in only the sum of one dollar and costs. Nothing appears in the record to indicate upon what theory the court awarded this amount. Inasmuch as the defendant wrongfully made

the representations that the price of the Cole car was $3,195 in Seattle, and that it would not be reduced, it seems to us that the judgment should have been for the amount of the damage resulting to the plaintiff from such misrepresentations. He made the deal, turned in his Stutz car, and paid the difference of $1,000, relying on the representations of the defendant that the price of the Cole car was the sum mentioned and that it would not be reduced. The price was $549 less than the defendant represented it, and this sum should measure the plaintiff's damage. *Edwards v. Powell,* 121 Wash. 598, 210 Pac. 7.

The judgment is reversed, and the cause remanded in order that the trial court may give judgment to the plaintiff for $549, and costs.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.